# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| LISA THIMMESCH,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>        Defendant. | No. C 13-4090-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

_____

This case is before me on plaintiff Lisa Thimmesch's (Thimmesch) Fee Application, which she filed on September 22, 2014 (docket no. 20). Thimmesch's application follows my June 25, 2014, order in which I accepted Judge Strand's Report and Recommendation, reversed the Commissioner of Social Security's (the Commissioner's) decision denying Thimmesch's disability benefits, and remanded Thimmesch's claim to the Commissioner for further consideration (docket no. 18). The Clerk entered judgment in Thimmesch's favor on June 25, 2014 (docket no. 19).

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney's fees are appropriate,

the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Here, according to the Commissioner's Response To Plaintiff's Motion For Fees (docket no. 21) the parties agree to an award of EAJA fees and expenses in the amount of $3,737.21. The requested award under the EAJA is just and appropriate. Therefore, I grant Thimmesch's application for attorney's fees, plus expenses, in the amount of $3,737.21. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4). In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, statutory attorney's fees awards must be payable to the prevailing social security plaintiff, not her attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). However, if consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Thimmesch's attorney, Jay Elliott Denne. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

**IT IS SO ORDERED**.

**DATED** this 17th day of February, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA